# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Case No.

ADRE COUNTRY SQUARE, LLC,

      Plaintiff,

v.

WESTCHESTER SURPLUS LINES INSURANCE COMPANY,

      Defendant.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 (2014), Defendant Westchester Surplus Lines Insurance Company ("Westchester") hereby gives its Notice of Removal of the above-captioned action, currently pending in the District Court for the County of Arapahoe, Colorado, to the United States District Court for the District of Colorado. Westchester may remove this action under 28 U.S.C. § 1441 because the Court has subject matter jurisdiction under 28 U.S.C. § 1332 (a), as the parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. In support of this Notice, Westchester states as follows:

### PROCEDURAL BACKGROUND

1.    On or about October 13, 2014, Plaintiff ADRE Country Square, LLC ("ADRE") filed the above-captioned action in the District Court for the County of Arapahoe, State of Colorado, at Docket No. 2014CV032715 ("State Court Action"). Pursuant to 28 U.S.C. § 1446(a), a copy of all process and pleadings served upon defendant in the State Court Action

are attached as Exhibits A through D. [*See* District Court Civil Case Cover Sheet attached as Exhibit A, Summons attached as Exhibit B, Complaint and Demand for Jury Trial attached as Exhibit C and Plaintiff's Initial Disclosures are attached as Exhibit D].

2. Westchester received a copy of the initial pleadings and disclosures on October 23, 2014.

## CITIZENSHIP OF PARTIES

3. ADRE is a Limited Liability Company organized in Colorado with its principal place of business, and registered agent Kevin J. Smith, located at 7100 East Belleview Avenue, Suite 350, Greenwood Village, Colorado 80111. [*See* Colorado Secretary of State Articles of Incorporation, Attached as Exhibit E]. Thus, it is reasonably believed that ADRE and its LLC member(s) are citizens of Colorado for diversity purposes.

4. Westchester is a citizen of Georgia, as that is where it is incorporated and has its principle place of business, located at 11575 Great Oaks Way, Suite 200, Alpharetta, Georgia 30022.

5. The parties are citizens of different states and, therefore, the diversity element of 28 U.S.C. § 1332 (a)(1) is satisfied.

## AMOUNT IN CONTROVERSY

6. ADRE asserts claims for breach of contract as well as common law and statutory bad faith against Westchester for allegedly failing to pay insurance benefits. [Exhibit C, Complaint at ¶¶ 4-39].

7. "The amount in controversy is not proof of the amount the plaintiff will recover." Rather it is an estimate of the amount that will be put at issue in the course of the litigation." *McPhail v. Deere & Company,* 529 F.3d 947, 956 (10th Cir. (Okla.) 2008).

8. ADRE alleges Westchester denied its claim for insurance proceeds in the amount of at least $313,954.47. [Exhibit C, Complaint at ¶¶ 24-25].

9. ADRE further seeks damages in accordance with Colo. Rev. Stat. § 10-3-116 of "two times the covered benefit." [Exhibit C, Complaint at ¶ 39].

10. Thus, the $75,000 amount in controversy requirement under U.S.C. § 1332 (a) is met.

11. If this Court is not convinced that Westchester has met its burden of proof in showing beyond a preponderance of the evidence that the amount in controversy is greater than $75,000, Westchester requests that this Court allow limited discovery to determine the true amount in controversy. *See McCraw v. Lyons,* 863 F.Supp. 430, 435 (W.D.Ky. 1994) (suggesting that a defendant may request limited discovery if a plaintiff seeks remand); *See also, Gibson v. Chrysler Corp.,* 261 F.3d 927, 948 (9th Cir. 2001) (recognizing that *McCraw* suggests it may be appropriate to allow discovery relevant to jurisdictional amount prior to remanding).

**PROPRIETY OF REMOVAL**

12. Westchester may remove this action under 28 U.S.C. § 1441 because the Court has subject matter jurisdiction under 28 U.S.C. § 1332 (a), as the parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

13. Pursuant to 28 U.S.C. § 1441 (a), removal to this Court is appropriate because the alleged events giving rise to this action took place in Colorado and the State Court Action was filed in the District Court for the County of Arapahoe, Colorado.

14. This Notice of Removal is timely under 28 U.S.C. § 1446(b) and (c) because Westchester filed it within 30 days after first receiving a copy of the initial pleading on October 23, 2014.

15. Removal of this action is proper under 28 U.S.C § 1441(a) and is not precluded by the provisions of 28 U.S.C. § 1441(b) because Westchester is not a citizen of the State of Colorado, the state where this action was originally brought.

16. After filing this Notice of Removal, Westchester will promptly give written notice of the filing of the Notice of Removal to Plaintiff and the clerk of the State Court Action pursuant to 28 U.S.C. 1446(d).

17. Pursuant to D.C. COLO. LCivR 81.1(b), Westchester will also separately file with this Court a current docket sheet and each pending motion, petition, and related response, reply and brief from the State Court Action.

WHEREFORE, Westchester having met its burden to establish federal jurisdiction over this action, submits this Notice of Removal.

Respectfully submitted this 4th day of November, 2014.

    s/ Russell E. Yates
Russell E. Yates
Ryan R. Yates
YATES LAW FIRM, LLC
303 East 17th Avenue, Suite 940
Denver, Colorado 80203
Telephone: (303) 722-2810
Facsimile:  (303) 722-2890
ryates@yateslawfirmllc.com
ryanyates@yateslawfirmllc.com
ATTORNEYS FOR DEFENDANT
WESTCHESTER SURPLUS LINES INSURANCE COMPANY

## CERTIFICATE OF SERVICE

   I hereby certify that on November 4, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

John M. Owen, Esq. *(by mail)*
Childress Duffy, Ltd.
500 North Dearborn Street, Suite 1200
Chicago, IL 60614
*Attorneys for Plaintiff*

        s/ Russell E. Yates
        Russell E. Yates
        Ryan R. Yates
        YATES LAW FIRM, LLC
        303 East 17th Avenue, Suite 940
        Denver, Colorado 80203
        Telephone: (303) 722-2810
        Facsimile:   (303) 722-2890
        ryates@yateslawfirmllc.com
        ryanyates@yateslawfirmllc.com