**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Case No. 1:14-cv-02991-MSK-CBS

ADRE COUNTRY SQUARE, LLC,

    Plaintiff,

v.

WESTCHESTER SURPLUS LINES INSURANCE COMPANY,

    Defendant.

---

**ANSWER TO COMPLAINT**

---

    Defendant Westchester Surplus Lines Insurance Company (hereinafter "Westchester"), by and through its counsel, Yates Law Firm, LLC, submits its Answer and Affirmative Defenses to Plaintiff ADRE County Square, LLC's ("ADRE") Complaint and Demand for Jury Trial (the "Complaint"), and states as follows:

**GENERAL ALLEGATIONS**

    1.    Westchester lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1, and therefore denies them.

    2.    Westchester admits the allegations in Paragraph 2.

    3.    Westchester admits that the venue selected by ADRE was proper in this case. Westchester denies any allegations set forth that challenge Westchester's Removal to this Court pursuant to 28 U.S.C. §§ 1332 and 1441.

## FIRST CLAIM FOR RELIEF – BREACH OF CONTRACT

4. Westchester incorporates by reference its responses to Paragraphs 1 through 3 as if fully set forth above.

5. The insurance policy, Policy Number D37405450001 (the "Policy"), referred to in Paragraph 5 of ADRE's Complaint is a written document that speaks for itself. To the extent that Paragraph 5 of ADRE's Complaint contains additional allegations inconsistent with the terms of the Policy, Westchester denies the same.

6. The Policy referred to in Paragraph 6 of ADRE's Complaint is a written document that speaks for itself. To the extent that Paragraph 6 of ADRE's Complaint contains additional allegations inconsistent with the terms of the Policy, Westchester denies the same.

7. The Policy referred to in Paragraph 7 of ADRE's Complaint is a written document that speaks for itself. To the extent that Paragraph 7 of ADRE's Complaint contains additional allegations inconsistent with the terms of the Policy, Westchester denies the same.

8. Westchester lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8, and therefore denies them.

9. Westchester lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9, and therefore denies them.

10. Westchester denies the allegations in Paragraph 10.

11. The Policy referred to in Paragraph 11 of ADRE's Complaint is a written document that speaks for itself. To the extent that Paragraph 11 of ADRE's Complaint contains additional allegations inconsistent with the terms of the Policy, Westchester denies the same.

12. Westchester denies the allegations in Paragraph 12.

13.     Westchester lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13, and therefore denies them.

14.     The letter referred to in Paragraph 14 of ADRE's Complaint is a written document that speaks for itself.  To the extent that Paragraph 14 of ADRE's Complaint contains additional allegations inconsistent with the terms of the letter, Westchester denies the same.

15.     Westchester admits the allegations in Paragraph 15.

16.     Westchester admits the allegations in Paragraph 16.

17.     The report authored by, and containing findings by Mathew Sitzmann, is a written document that speaks for itself.  To the extent that Paragraph 17 of ADRE's Complaint contains additional allegations inconsistent with the terms of that report, Westchester denies the same.

18.     The letter referred to in Paragraph 18 of ADRE's Complaint is a written document that speaks for itself.  To the extent that Paragraph 18 of ADRE's Complaint contains additional allegations inconsistent with the terms of the letter, Westchester denies the same.

19.     The letter referred to in Paragraph 19 of ADRE's Complaint is a written document that speaks for itself.  To the extent that Paragraph 19 of ADRE's Complaint contains additional allegations inconsistent with the terms of the letter, Westchester denies the same.

20.     Westchester admits the allegations in Paragraph 20.

21.     The letter referred to in Paragraph 21 of ADRE's Complaint is a written document that speaks for itself.  To the extent that Paragraph 21 of ADRE's Complaint contains additional allegations inconsistent with the terms of the letter, Westchester denies the same.

22.     Westchester lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22, and therefore denies them.

23. The letter referred to in Paragraph 23 of ADRE's Complaint is a written document that speaks for itself. To the extent that Paragraph 23 of ADRE's Complaint contains additional allegations inconsistent with the terms of the letter, Westchester denies the same.

24. Westchester lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24, and therefore denies them.

25. Westchester denies the allegations in Paragraph 25.

26. Westchester denies each and every allegation in Paragraph 26.

27. Westchester denies the allegations in Paragraph 27 and specifically denies that ADRE is entitled to the relief it requests.

## SECOND CLAIM FOR RELIEF – COMMON LAW BAD FAITH

28. Westchester incorporates by reference its responses to Paragraphs 1 through 27 as if fully set forth above.

29. The allegations contained in Paragraph 29 consist of legal conclusions to which no answer is required. To the extent an answer is required, Westchester denies each allegation contained in Paragraph 29.

30. The allegations contained in Paragraph 30 consist of legal conclusions to which no answer is required. To the extent an answer is required, Westchester denies each allegation contained in Paragraph 30.

31. Westchester denies each and every allegation in Paragraph 31.

32. Westchester lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32, and therefore denies them.

33. Westchester denies the allegations in Paragraph 33 and specifically denies that ADRE is entitled to the relief it requests.

### THIRD CLAIM FOR RELIEF – STATUTORY BAD FAITH

34. Westchester incorporates by reference its responses to Paragraphs 1 through 33 as if fully set forth above.

35. The allegations contained in Paragraph 35 consist of legal conclusions to which no answer is required. To the extent an answer is required, Westchester denies each allegation contained in Paragraph 35.

36. Westchester denies each and every allegation in Paragraph 36.

37. Westchester denies each and every allegation in Paragraph 37.

38. The allegations contained in Paragraph 38 consist of legal conclusions to which no answer is required. To the extent an answer is required, Westchester denies each allegation contained in Paragraph 38.

39. Westchester denies the allegations in Paragraph 39 and specifically denies that ADRE is entitled to the relief it requests.

### GENERAL DENIAL

Each and every allegation of the Complaint not expressly admitted is hereby denied.

### AFFIRMATIVE DEFENSES

Westchester hereby sets forth the following separate and distinct defenses to ADRE's Complaint:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim Upon Which Relief May Be Granted)

ADRE's claims may be barred, in whole or in part, to the extent that ADRE's Complaint fails to state a claim upon which relief can be granted against Westchester.

### SECOND AFFIRMATIVE DEFENSE
### (Failure to Set Forth Facts Which Give Rise to a Claim)

ADRE's claims may be barred, in whole or in part, to the extent that ADRE's Complaint fails to set forth facts that give rise to a claim against Westchester.

### THIRD AFFIRMATIVE DEFENSE
### (Failure to Name Indispensable Parties)

ADRE may have failed to serve and/or join all necessary and/or indispensable parties to this action.

### FOURTH AFFIRMATIVE DEFENSE
### (Waiver/Release/Estoppel)

ADRE's claims may be barred, in whole or in part, by the doctrines of waiver, release and/or estoppel.

### FIFTH AFFIRMATIVE DEFENSE
### (Improper or Inadequate Notice of Breach)

ADRE failed to properly and adequately inform Westchester of its claim, and the facts and circumstances surrounding the same, prior to filing this lawsuit and therefore is not entitled to relief under the Policy nor under Colorado Revised Statutes § 10-3-1115 and §10-3-1116.

**SIXTH AFFIRMATIVE DEFENSE**
**(Violation of Law or Public Policy)**

ADRE's claims may be barred, in whole or in part, to the extent that any claimed loss arises from ADRE's actions, omissions, or other conduct that is or was in violation of federal, state, and/or local law, statutes, regulations, or public policy.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Coverage Provided Only to Named Insured(s))**

ADRE's claims may be barred, in whole or in part, to the extent that no coverage is provided under the Policy to any person or entity other than the insured(s) named in any such policy.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Attorney Fees Not Recoverable)**

ADRE is not entitled to attorneys' fees; the insurance contract does not provide for attorney fees and ADRE is not entitled to attorney fees under the applicable law.

**NINTH AFFIRMATIVE DEFENSE**
**(Unjust Enrichment)**

ADRE's claims may be barred, in whole or in part, to the extent the relief sought would unjustly enrich ADRE or reimburse ADRE for more than the actual insured loss sustained by ADRE under the Policy.

**TENTH AFFIRMATIVE DEFENSE**
**(Duty of Care)**

Westchester complied with the applicable standard of care as set forth in all rules, regulations, case law, and statutes, with respect to its activities and thus did not breach any cognizable duty of care.

## ELEVENTH AFFIRMATIVE DEFENSE
**(No Property Damage)**

ADRE's claims may be barred, in whole or in part, to the extent that some or all of the claims or matters do not constitute damage to covered property as used in, defined in, or incorporated into the Policy.

## TWELFTH AFFIRMATIVE DEFENSE
**(No Damages)**

ADRE's claims may be barred, in whole or in part, to the extent that they seek reimbursement for expenditures, liabilities, and obligations that do not constitute "damages" within the meaning of that term as used in or incorporated into the Policy.

## THIRTEENTH AFFIRMATIVE DEFENSE
**(Condition Precedent-General Obligations)**

ADRE's claims may be barred, in whole or in part, to the extent that ADRE may have failed to perform fully all of the obligations under the Policy or to comply fully with the terms, obligations, and conditions of the Policy.

## FOURTEENTH AFFIRMATIVE DEFENSE
**(Condition Precedent-General Obligations)**

ADRE's claims may be barred, in whole or in part, to the extent that ADRE may have failed to cooperate with Westchester as required by the Policy.

## FIFTEENTH AFFIRMATIVE DEFENSE
**(Exclusions)**

ADRE's claims may be barred, in whole or in part, to the extent the events and claims alleged in ADRE's Complaint fall within the scope of any exclusion contained in the Policy.

### SIXTEENTH AFFIRMATIVE DEFENSE
**(Other Insurance)**

ADRE's claims may be barred, in whole or in part, to the extent that ADRE seeks coverage under the Policy in place of other insurance which may apply to the damages sought, including but not limited to insurance that is or becomes invalid, uncollectible, or otherwise unavailable due to the insolvency of other insurers or as a result of the act of the named insured.

### SEVENTEENTH AFFIRMATIVE DEFENSE
**(Failure to Mitigate Damages)**

ADRE's claims may be barred, in whole or in part, to the extent that ADRE failed to mitigate, minimize, or avoid any damages it allegedly sustained.

### EIGHTEENTH AFFIRMATIVE DEFENSE
**(Policy Provisions)**

ADRE's claims may be barred, in whole or in part, by the terms, exclusions, conditions, definitions, declarations, endorsement and/or limitations contained in the Policy.

### NINETEENTH AFFIRMATIVE DEFENSE
**(Exhaustion/Impairment of Limits)**

ADRE's claims may be barred or reduced to the extent that the Policy limits have been exhausted or impaired.

### TWENTIETH AFFIRMATIVE DEFENSE
**(Laches)**

ADRE's claims may be barred, in whole or in part, by the doctrine of laches.

### RIGHT TO AMEND

Westchester reserves the right to amend or to seek leave to amend this Answer, including, but not limited to, its averment and statement of defenses.

## **CONCLUSION**

Defendant Westchester respectfully requests that the Court enter judgment for it and against Plaintiff ADRE on each and every one of ADRE's claims; that ADRE take nothing by its Complaint and all claims alleged therein, and each of them, be dismissed with prejudice; that Westchester be awarded its costs and reasonable attorneys' fees incurred herein pursuant to applicable law; and that Westchester be awarded such other and further relief as the Court may deem proper.

Respectfully submitted this 12th day of November, 2014.

    s/ Russell E. Yates
Russell E. Yates, #4712
Ryan R. Yates, #47118
YATES LAW FIRM, LLC
303 East 17th Avenue, Suite 940
Denver, Colorado 80203
Telephone: (303) 722-2810
Facsimile: (303) 722-2890
ryates@yateslawfirmllc.com
ryanyates@yateslawfirmllc.com
ATTORNEYS FOR DEFENDANT
WESTCHESTER SURPLUS LINES INSURANCE
COMPANY

## **CERTIFICATE OF SERVICE**

  I hereby certify that on November 12, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

John M. Owen, Esq.
Andrew M. Plunkett, Esq.
Childress Duffy, Ltd.
500 North Dearborn Street, Suite 1200
Chicago, IL 60614
*Attorneys for Plaintiff*

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

None

            s/ Russell E. Yates
            Russell E. Yates
            Ryan R. Yates
            YATES LAW FIRM, LLC
            303 East 17th Avenue, Suite 940
            Denver, Colorado 80203
            Telephone:  (303) 722-2810
            Facsimile:    (303) 722-2890
            ryates@yateslawfirmllc.com
            ryanyates@yateslawfirmllc.com