**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

**Civil Action No. 14-cv-02991-MSK**

**ADRE COUNTRY SQUARE, LLC,**

    **Plaintiff,**

**v.**

**WESTCHESTER SURPLUS LINES INSURANCE COMPANY,**

    **Defendant.**

---

## OPINION AND ORDER REMANDING CASE

---

    **THIS MATTER** comes before the Court *sua sponte*.  The Plaintiff, ADRE Country Square, LLC, commenced this case in the Colorado District Court for Arapahoe County.  The Complaint **(#4)** asserts claims for breach of contract, common law bad faith breach of insurance contract, and statutory bad faith under Colorado Revised Statutes §§ 10-3-1115 and -1116.  The Defendant, Westchester Surplus Lines Insurance Company, removed the case to this Court.  The Notice of Removal **(#1)** cites 28 U.S.C. § 1332 as the basis for jurisdiction.

    A civil action is removable only if the Plaintiff could have originally brought the action in federal court.  28 U.S.C. § 1441(a).  In this case, removal is premised on diversity jurisdiction under 28 U.S.C. § 1332(a).  Diversity jurisdiction exists when the case involves a dispute between citizens of different states, and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a)(1).  To meet the diversity requirement, there must be complete diversity between all plaintiffs and all defendants.  In other words, no defendant can be a citizen from the same state as any plaintiff.  *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).  Although the Tenth Circuit

has not specifically address the issue of citizenship of LLC's, the consensus throughout the circuits is that an LLC is deemed to be a citizen of all of the states of which its members are citizens. *See MCP Trucking, LLC v. Speedy Heavy Hauling, Inc.*, 2014 WL 5002116 (D.Colo. 2014) (collecting cases).

As the party invoking the federal court's jurisdiction, the Defendant bears the burden of establishing that the requirements for the exercise of diversity jurisdiction are met. *See Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999). The Court is required to remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

Here, the Complaint does not contain any factual allegations with regard to who the members of the Plaintiff limited liability corporation are. Similarly, the Notice of Removal does not identify who the members of the Plaintiff LLC are, stating only that "it is reasonably believed that [the Plaintiff] and its LLC member(s) are citizens of Colorado for diversity of purposes." Without allegations as to who the Plaintiff's members are and what their citizenship is, it is impossible to determine whether there is complete diversity between the parties. The Defendant cannot rely on speculation about the citizenship of the LLC's members for purposes of establishing diversity jurisdiction.

3

Accordingly, the Court finds that the Defendant has failed to establish complete diversity between parties and therefore this Court lacks subject matter jurisdiction over the claims asserted in this action.  The case is **REMANDED** to the Colorado District Court for Arapahoe County.

Dated this 12th day of November, 2014.

**BY THE COURT:**

Marcia S. Krieger
Chief United States District Judge